The final case we have on calendar is Samuel Michael Saber and I believe the appellees have divided their time. I guess Ms. Weiss will have eight minutes, Mr. Clementson five and Ms. Miller two, if that's correct. Your Honor, we adjusted that slightly. I will take nine minutes and Ms. Miller will take one minute. Okay. Thank you, Your Honor. Okay and Ms. Williams, you can begin whenever you're ready and if you can focus on the pending motion to dismiss on why this case is not moved. Yes, thank you, Your Honor. Judith Williams for appellate Dr. Samuel Michael Saber. Can you all hear me? There were some problems earlier with when we did the test in the park. He said he had trouble, was having trouble with my speaking. So if you all have any trouble hearing me, please let me know. Because I don't have a microphone attached to the earphones. Okay, so to get to the point, my initially because under chapter 11 the debtor can proceed as an individual debtor. So section 11 USC section 101.13 defines a debtor as a person or a municipality. A person is defined under section USC 101.41 in parentheses to include an individual, partnership, or corporation. Under the debtor's existing chapter 11 estate, the debtor's AMC services income or his individual income was an AMC services or debtor's individual income, whichever way you want to look at it. So it's so if hypothetically there are two properties that are absent from the estate now, the court could still get a remedy because debtor's plan would include the individual income that he gets from his DBA AMC services. Secondarily, under the small business debtor designation, it also includes a person. So then we filed the emergency motion saying that perhaps the issue despite the sale of the chase of the Newport Beach property might boot debtor's appeal. What was contemplated was not that the estate would be missing two properties. That's never been an issue in the case when the Santa Monica property was abandoned. No one in the beach raised any kind of issue that affected the debtor's appeal in any way shape or form. The issue was, at least in our view, whether the absence of a single property, that is Newport Beach, possibly affected the debtor's subchapter 5 rights. And first because the plan included both properties. So if you said there's feasibility regarding the plan, this court would have to look at if the plan is feasible to the extent it needed to, minus one of the properties. Excuse me, what plan are you talking about? The debtor filed a defensive plan, Your Honor, under subchapter 5 in opposition, as a part of his opposition to Chase's motion to appoint a chapter 11 trustee and or the alternative to convert the case. And so in the record, there's a plan the debtor filed and that plan included raising the rents on the two properties. And secondarily, as part of the motion, the FRPP 90239024 motion, the debtor filed another plan, a regular chapter 11 plan, which also included raising the rents on the two properties. That was objected to as not feasible. That's correct. Chase argued that... Are you claiming that you now have a feasible plan? I didn't see that in your papers. Well, whether the plan is feasible or not... So let me back up. If we're speaking in terms of the motion to dismiss, our position would be that the debtor presented a plan in opposition to Chase's motion to show that he could do it, not necessarily that there was an evaluation of the plan. Well, that's back to properties that are no longer in there. So I don't understand what conceivable plan there could be having to do with the assets that were originally the subject of the chapter 11, because they're gone. Give me a minute and I'll get there. I think that the debtor can proceed under chapter 11 as an individual debtor with his assets, but at the state it would include the income from AMC services and potentially any claims that he might have that were listed in his plan. However, secondarily, we conceived, at least for purposes of the motion, that Newport Beach is no longer part of the bankruptcy estate. However, abandonment of the Santa Monica doesn't necessarily remove the property from the estate and the kids would buy. Under Section 301, a voluntary case under the title is commenced by the filing of a bankruptcy petition under such chapter. Okay, so the debtor filed under 301. Under 301B, the commencement of a voluntary case constitutes an apartment property. Under Section 11 U.S.C. 5491, the commencement of a case under Section 301 creates an estate. Such estate is comprised of all the following properties, wherever located, and by whomever counts. Under Section 11 U.S.C. 115 says, in a case in which the debtor is an individual, the property estate includes an addition to the property specified in 541. So, the estate included Santa Monica and Newport Beach at the commencement of the estate and as part of Newport for the relief. And this is why this is important. Under Section 11 U.S.C. 348, the effect of conversion. Conversion of a case from one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted. To which the case is converted. Okay, so you have an order for relief, which originally encompassed the two properties. And Section 11 is part of the order for relief. And Section 11 U.S.C. 348 says, except as provided in subsection GMC, which isn't relevant, this does not affect the change in the date of the filing of the petition. Okay, so the petition was filed June 10, 2018. The commencement of the case, which includes under 301, the commencement of the case, includes the order for relief. Or, the order for relief. So, by its terms, even when there's a conversion, Section 348 puts the debtor in the position of the order of relief was the outset of the case. I hope that's clear. I'm not sure if I understood that, but I have a more direct question. What authority does a debtor have to revoke the abandonment of Santa Monica property? I don't think the debtor has to, I think the debtor doesn't have to revoke the abandonment of Santa Monica property, because by operation of law, by these sections, and by Section 11, 348, basically, when there's a conversion order, whether you look at this as a reconversion order or a conversion order, 348 puts the debtor in the same position as opposed to the order of relief was initially filed. I don't understand. There was a conversion, correct, from Chapter 11 to Chapter 7? Correct. And then after that conversion, one of the properties was abandoned and one of the properties was sold. That's correct. If there was a denial of your motion to stay the sale. That's correct. So that property is no longer in the estate. So if there's a conversion back, even if you were to prevail and there would be a conversion back to Chapter 11, it would be the same estate that exists in Chapter 7, and there's nothing there. Okay, so we're not arguing that Newport Beach is part of the estate anymore. We're simply arguing that because it's reconversion and 348 applies, that that takes the case back to the start of the case and with respect to Santa Monica, that property is included as part of the estate. And there's a difference between, I'm going to lose my time here, but there's a difference between the Newport Beach situation in which there's a third party that is going to be prejudiced if the debtor is back at the property, back at the estate, and the abandonment of the property, Santa Monica property, in which the debtor holds the right to the property. The section, the abandonment section is in effect to protect the debtor in the situation that the trustee abandons the property, right, and to allow the debtor to proceed further and do something with the property if he needs to. But he's not, it's his right to have, you know, to control the property as it fell, and we believe 348 applies. With that, I'm going to thank you, and I'm going to reserve the rest of my time. Thank you. Ms. Weiss, you will have nine minutes. Thank you, Your Honor, and may it please the court. My name is Sharon Weiss, and I represent Appellee JPMorgan Chase. Also before you today is Russell Clemonson, attorney for the United States trustee, and Alyssa Miller on behalf of Appellee John Menchaca, the Chapter 7 trustee. Today, I will be focusing on the motion to dismiss, the conversion order, and the SBRA plan. And Mr. Clemonson will focus on the motion for reconsideration. Ms. Miller, to the extent there's any time available, is available to the panel to answer any questions regarding the post-conversion estate. Your Honors, I'd like to focus on three reasons why Mr. Staber cannot prevail on his appeal today. One, as the court has asked appellate counsel, the appeal should be dismissed because it is moved. Two, there's no dispute about the law. The bankruptcy court did not abuse its discretion because its findings were not illogical, implausible, or without support. And third, Staber was not eligible to be a debtor under SBRA, and its proposed SBRA plan was not feasible. Picking up, Your Honors, where you left off, let me try to answer the questions that you posed to Ms. Williams. I believe what Ms. Williams was arguing was two parts. One, that the case is not moved regardless of whether the Santa Monica property can be retrieved. And two, that the Santa Monica property could be retrieved. So let me take those in order. But what I believe Ms. Williams was saying is that Section 1115A, which deals specifically with individual Chapter 11 debtors, does have a provision that property acquired after the order for relief is property of the estate. However, there are absolutely no cases that talk about what happens to property that was abandoned during the Chapter 7 case, and then the case is reconverted to Chapter 11. The closest case is the Shirell case, which we put in our opposition. And the Shirell case, which was decided by Justice Pooler, who was a district court judge at the time but now a Second Circuit judge, said that jurisdiction, and the reason for the phrase to jurisdiction is because it relates to bankruptcy court does not have jurisdiction unless there's property in the estate. And what she said is jurisdiction would not have been recreated had the court granted the Shirell subsequent motion to convert the case back to Chapter 11. So there are no cases that deal with abandonment in this situation. And importantly, the conversion order was not stayed. So the bankruptcy trustee did exactly what he was supposed to do. He administered the estate. And the only way to recover that property for the benefit of the estate is if it could be revoked, which I believe Justice Lee asked Ms. Williams about. And there is no opportunity for Mr. Saber to file a motion to revoke the abandonment. Number one, Mr. Saber already conceded that this is not an asset that was concealed or not listed on his bankruptcy petition. So the real focus here is whether or not Rule 60B is applicable in this situation. And Ms. Williams first stated in her paper that this would be acceptable under Rule 60B-1 as a mistake. However, she misconstrued what the mistake is about. And probably more importantly, this motion would be time-barred under Rule 60B-1. Nor could she argue Rule 60B-6, which is the catch-all. First of all, the catch-all provision specifically excludes any grounds that would fall under 60B-1 through 3. So on its face, that section is not applicable. And in addition, as the Supreme Court has found, the error in a judgment does not constitute the extraordinary circumstances that are required under this circuit to justify Rule 60B relief. Your Honors, I see my time is running, so if I may just hit the quick issues. At the end of the day, Your Honors, the bankruptcy court had before it a record that had 89 exhibits that were submitted by Jason Morgan Chase. And virtually no evidence that was submitted by Mr. Saber. Mr. Saber submitted three declarations in opposition to the motion to convert. Those declarations, including Mr. Saber's, never focused on the important things like whether or not his ability to raise the rent. In fact, Your Honor, what's most compelling about Mr. Saber's declaration and what the bankruptcy court had found is what's not in the papers. There was nothing about how he intended to pay creditors. There was nothing about his ability to pay rent. There was nothing about his ability to support plan payments against the history of being in the red. There was no balance sheet. There was no statement of operations. There was no cash flow. There was no evidence that the properties were even rented or that Mr. Saber had any rights under a lease, a lease even existed. Even Mr. Saber admitting. I think we understand all of that. If I understood Ms. Williams argument, in addition to arguing that the Santa Monica property could be brought back, or she was also arguing that this was not moot because there are assets relating to Mr. Saber's business, apart from these properties that would still be there to reorganize. Could you respond to that quickly? Yes, Your Honor. First of all, there's no evidence as you acknowledge of Mr. Saber's ability to do anything. But I point to the record to show that the intent of this bankruptcy was always to reorganize these two properties. That was his point. Those properties are gone and they cannot come back. And so there's nothing to reorganize. The question for this court for mootness is whether the court can provide effective relief. And based on the evidence before it, it cannot, because there's nothing to reorganize, especially given Mr. Saber's announced intentions throughout this bankruptcy case. So I believe that answers your question, Your Honor. Thank you. With respect to the SBRA, as we briefed in our papers, Mr. Saber was not eligible. Cases like Slack and Fountain are very clear. When we're talking about whether a claim is liquidated, we look to see if we can do math. Is there a fixed amount? And if we have to add or subtract to that amount, that does not change the nature of a liquidated debt. Mr. Saber admitted in his schedules, and the court regularly focused on Mr. Saber's admissions in this case. He admitted in his schedules that the debt was disputed, but he never checked contingent or unliquidated until the day that he filed his opposition and until the day that he filed the SBRA motion. And like everything else before, Your Honor, no plan was feasible, regardless, because there was no evidence before the court. So Your Honor, and I see that my time is running short, but in the words of the district court in its order, simply because the bankruptcy court findings were unfavorable to Saber does not mean it was an abuse of discretion. The record shows a thorough and extensive analysis of various factors and evidence-defined cause to convert. And the rest of my time, Your Honor, unless the panel has any questions, I would concede the panel, or sorry, give the panel to Mr. Clemmonson. Thank you, Your Honor. Mr. Clemmonson. It pleases the court, Russell Clemmonson for the U.S. Trustee. We did not brief the mootness issue. The only thing that I would like to add to what my colleague says is Ms. Miller has administered this estate because there was never a stay. She achieved the sale of the Newport Beach property, which brought in the only money that has come into this estate since conversion. We'll speak to the amount of that money, but as to whether or not this court could fashion any effective relief, right now we have a trustee holding significant sums with no stay. It's not realistic to expect that the bankruptcy court would allow Mr. Saber to take control of that money. That money has to go to creditors pursuant to the priorities of the code, has to pay taxes that were due upon sale. So it's not realistic to think that Mr. Saber would ever come into possession of those funds or that he would remain a debtor in possession. Even if this court were not to affirm, which we think it should. As to the merits of reconsideration, there was no oral argument on that matter. So unless the court has specific questions for the U.S. Trustee, we will rest. Ms. Miller. Thank you, your honors, and good morning. May it please the court. My name is Elisa Miller and I am the attorney for John Menchaca, the Chapter 7 trustee. We're in a bit of a different position. Mr. Menchaca was appointed in May, early May 2020, and that is when our involvement in the case began. It began after the conversion of the case. It began immediately with difficulties with Mr. Saber as we detailed in our joint hearing in opposition to the motion for reconsideration. The trustee reviewed the records. We reviewed what was going on and we agreed with Chase that reconsideration was not appropriate. The trustee then went ahead and administered the assets as has been repeatedly stated. He, after investigation, abandoned. I'm sorry, your honor. Go ahead. He abandoned the Santa Monica property over objections, motions, et cetera. He sold the Newport Beach property. That property has been sold, and he's now in a position where he's ready to start closing the estate. And what that means is filing the tax returns and paying the large amount of taxes that were incurred during the sale, notwithstanding that he also received free and clear equity and paying, when he files his trustee final report, all the administrative claims. Those claims will have to be paid regardless of whether this case is reconverted or not. But the trustee is a fiduciary. The trustee is a fiduciary to the creditors. He's not a fiduciary to the debtor because this is not a surplus estate. And so the trustee will need to do those things that the trustee has to do in order to meet his fiduciary obligations. He cannot do those if the case is reconverted. Instead, Mr. Saber, who has not proved to be the most reliable fiduciary, will be put back in charge, whether the funds get turned over in total or less amounts that are to go to the government to pay taxes is unclear at this point. Once the case is reconverted, if it is reconverted, and we highly suggest it not be, the trustee has no authority. The trustee is removed. You've joined in the motion to dismiss, right? Correct. And so you agree that when you complete your duties that's it with respect to all the assets in the estate? That is my understanding. I've reviewed both sides. I've read the cases. And it appears to me that there's issues of what will happen with the Santa Monica property. There's also the issue that that Santa Monica property could be gone in a nanosecond because the reason a trustee abandoned this property is because there was a motion for a leak from state pending. The trustee couldn't incur the tax liability of a foreclosure. If that motion has since been granted at any time, Deutsche Bank can foreclose. Okay. With that, I rest your honors. Thank you very much on behalf of myself, on behalf of Ms. Wise and Mr. Clemmonson. And again, we request that your honors affirm the bankruptcy court's ruling. Williams? Your honor, let me initially discuss the Sherrill case. Sherrill is not applicable because as found in Chase's reply, as the district court correctly recognized, jurisdiction would not have been recreated had the court granted the Sherrill subsequent motion to convert back to Chapter 11. So the statement that there is not jurisdiction is dicta. And the case does not apply. Secondarily, there is a case, if I can read my writing, also decided before Section 1115 was enacted, State Bank of Hawaii versus Fiscar, which is ABR 491, South Dakota, 1987. And what the court held was that although the property had been abandoned from the estate, that under Chapter 7, in Chapter 7, that upon reconversion to Chapter 12, that the income from the property did become part of the estate. So in other words, and that's in subsection, I think it's B, under 115, 1115. So basically, since we've gotten the motion to dismiss, let me simply say this. Mr. Saber filed bankruptcy in good faith. He sought a remedy, which included restructuring his loans. He didn't get that. It's our position that the case should not have been converted because cause was not established. And I thank you. I'll stop there. Thank you. The case has been submitted. And I'll adjourn the hearing for today. Thank you. Thank you.
judges: SCHROEDER, Lipez, LEE